IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GUANGO FITZGERALD CORREA,        :
                                 :
        Plaintiff,                :
                                 :
                                 :
        v.                        : Civil Action No. 08-555-JJF
                                 :
ATTORNEY GENERAL OF STATE OF     :
DELAWARE, DEPARTMENT OF          :
CORRECTION, and STATE OF         :
DELAWARE POLICE TROOP 31,        :
                                 :
        Defendants.              :

---

Guango Fitzgerald Correa, Pro se Plaintiff.  Dover, Delaware

---

**MEMORANDUM OPINION**

April 6, 2009
Wilmington, Delaware

**Farnan,** District Judge

Plaintiff Guango Fitzgerald Correa ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 5, 14.) At the time he filed the Complaint he was incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. He has since been released. For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff filed his lawsuit in August 2008. He alleges that due to a case of mistaken identity, he was arrested by the Delaware State Police, taken to the Delaware Department of Correction ("DOC"), and transported to the Superior Court of Sussex County, in and for the State of Delaware. (D.I. 2.) Plaintiff alleges false arrest and violations of his constitutional rights. He also alleges that the DOC placed an incorrect release date in the prison computer system and that he should have been released as of July 16, 2008. He seeks compensatory damages.

**II. STANDARD OF REVIEW**

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a

prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (citations omitted).

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

Plaintiff's claims against the State of Delaware, the DOC, and the Delaware State Police Troop 31 are barred by the State's Eleventh Amendment immunity. See MCI Telecom. Corp. v. Bell Atl. of Pa., 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Edelman v. Jordan, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. Brooks-McCollum v. Delaware, 213 F. App'x 92, 94 (3d Cir. 2007) (citations omitted) (not reported). Further, a state agency, such as the DOC or the Delaware State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

5

Plaintiff's claims against the State of Delaware, the DOC, and the Delaware State Police have no arguable basis in law or in fact inasmuch as these defendants are immune from suit. Therefore, the claims against them will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.  Personal Involvement**

The Complaint names the Attorney General of the State of Delaware ("Attorney General") as a defendant. The Complaint, however, contains no allegations directed towards the Attorney General.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). There are no claims directed towards the Attorney General and, therefore, the claims against him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[1]

---

[1] Additionally, it appears that the Attorney General is immune from suit. "Prosecutorial immunity embodies the "right

**IV. CONCLUSION**

For the above reasons, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate Order will be entered.

---

not to stand trial." Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008) (citations omitted)(citations omitted). A prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. Id. (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." Id. (citations omitted).

7